1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

9

JOHN LEE,

10
            Plaintiff,

11
      vs.

12

RUBEN H. HERNANDEZ JR. D/B/A
13
HARBOR APPLIANCE; FRANCISCO
JAVIER GONZALEZ; and DOES 1 to 10,
14

15
            Defendants.

16
17
18

**Case No.: 8:24-cv-00072-FWS (KESx)**

**[Proposed] ORDER Granting Plaintiff's Motion for Default Judgment**

Date: May 2, 2024
Time: 10:00 a.m.
Courtroom: 10D

Honorable Judge Fred W. Slaughter

19
20

      Before the Court is Plaintiff JOHN LEE'S Motion for Default Judgment by Court.

21
No opposition was filed. For the following reasons, the Motion is **GRANTED.**

22

**I.      BACKGROUND**

23
      This is a public accommodation action under the Americans with Disabilities Act
24
("ADA"), 42 U.S.C. §12131 et seq. Plaintiff is a California resident with physical
25
disabilities. Plaintiff is wheelchair-bound and is substantially limited in his ability to
26
walk. Plaintiff requires the use of a wheelchair for mobility at all time when traveling in
27
public. Defendant RUBEN H. HERNANDEZ JR. D/B/A HARBOR APPLIANCE owns
28
and operates the business, and Defendant FRANCISCO JAVIER GONZALEZ owns the

real property for an appliance store, located at 1114 N. Harbor Blvd., Santa Ana, California ("Business"). Defendants RUBEN H. HERNANDEZ JR. D/B/A HARBOR APPLIANCE and FRANCISCO JAVIER GONZALEZ are hereinafter collectively referred to as "Defendants".

Plaintiff went to the Business in or around October of 2023 with the intention to avail himself of the goods, services, privileges, and accommodations offered at the Business. As Plaintiff patronized the Business, Plaintiff could not use and enjoy the goods, services, privileges, and accommodations offered at the Business because Defendants failed to provide or maintain the wheelchair accessible parking in compliance with the ADA Standards. Plaintiff personally encountered this problem. This inaccessible condition denied Plaintiff full and equal access, and caused Plaintiff difficulty, discomfort, frustration, or embarrassment.

Plaintiff would like to return to the Business but is dissuaded from doing so because of Plaintiff's knowledge of the existing barriers. Plaintiff seeks injunctive relief requiring Defendants to remedy these barriers, and attorneys' fees and costs.

Plaintiff filed this action on January 12, 2024 (Dkt. #1). The Proofs of Service for Defendants were filed on February 5, 2024 (Dkt. #10 & 11). The Defaults of Defendants were taken on March 4, 2024 (Dkt. #18 & 19) as the result of Defendants' failure to respond to the Complaint. Thereafter, Plaintiff filed the Motion for Default Judgment on March 28, 2024 (Dkt. #21).

## II.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedures allows for judgment to be had in a case of this type when the defendant fails to answer to the complaint. In this case, Defendants were served with the Summons and Complaint as evidenced by the Proofs of Service of Summons on file with this Court. Local Rule 55-1 requires the party seeking default judgment to submit a declaration establishing (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether

that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service members Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice.

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R.Civ.Proc. 8(b)(6); *see also*, *e.g.*, *Geddes v. United Fin.Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471-71 (9th Cir.1986).

## III. DISCUSSION

### A. Procedural Requirements

The procedural requirements of Local Rule 55-1 are met. Plaintiff served the Summons and Complaint on Defendants on January 29, 2024 (Dkt. #10 & 11). Plaintiff filed a declaration of counsel attesting to the remaining elements of Local Rule 55-1. *See* Declaration of Jason J. Kim (Dkt. #21-2). In particular, the Declaration states that Defendants are not minors, infants, or otherwise incompetent persons, and that the Service members Civil Relief Act does not apply.

//

3

**B.      Eitel Factors**

The Court finds that the Eitel factors favor entering default judgment for Plaintiff on the claims alleged by Plaintiff.

**1.      Possibility of Prejudice to Plaintiff**

Plaintiff, a profoundly disabled person, has alleged that Plaintiff suffers discrimination due to Defendants' failure to comply with the ADA. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. *Vogel v. Rite Aid Corp.*, --- F.Supp.2d ---, 2014 WL 211789, *3 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA, Unruh and CDPA, relying upon this rationale). Given Defendants' unwillingness to appear, absent entry of default judgment, Plaintiff will be without recourse against Defendants, and therefore will suffer prejudice.

**2.      Merits of Plaintiff's Claims and Sufficiency of the Claim**

**a.      ADA**

Under Title III of the ADA, the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" is a little misleading:

Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance. H.R.Rep. No. 101-485(II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N. 303, 382

4

(a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.")

*Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp 698, fn. 1 (D. Org. 1997). The scope of the Act covers not only intentional discrimination, but also the discriminatory effects of "benign neglect, apathy, and indifference." *Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) (internal quotations omitted).

To succeed on plaintiff's Title III, ADA claim, the plaintiff must, "establish that (1) plaintiff is disabled within the meaning of the ADA; (2) that the defendant own, lease, or operate a place of public accommodation; and (3) that the defendant discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008). Under Title III of the ADA, one form of discrimination is defined as failure to remove architectural barriers unless they are not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);

2. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

3. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv);

4. The plaintiff must have encountered the architectural barrier precluding him or her full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, Plaintiff's civil rights were violated because Defendants have denied and continue to deny full and equal access to Plaintiff and to other people with disabilities at the Business.

//
//
//

5

### 1.   The Plaintiff is Disabled

The Plaintiff is an individual with severe mobility impairments who requires the use of a wheelchair for mobility. There can be little doubt that Plaintiff fits the qualification under the Americans with Disabilities Act as a person with a disability. *See* 42 U.S.C. § 12102(2)(A) (Defining a physical impairment substantially affecting a major life activity as qualifying as a disability).

### 2.   The Defendant's Business is a Public Accommodation

Stores and other service establishments are expressly identified as places of public accommodation and subject to Title III of the ADA. See 42 U.S.C. § 12181(7)(E).

### 3.   The Business Presented Physical Barriers

In the present case, the lack of parking space designated for persons with disabilities is a barrier to Plaintiff. Barriers are determined by reference to the American with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. 35.211(a). By failing to maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related regulations.

The Ninth Circuit recently adopted a burden-shifting framework, which places the initial burden on the plaintiff of "plausibly showing that the cost of removing the architectural barrier does not exceed the benefits under the particular circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1040 (9th Cir. 2020). "The Defendant then bears the ultimate burden of persuasion that barrier removal is not readily achievable." *Id.* Here, Defendants only needs to provide the required signs such as the International Symbol of Accessibility sign, the "Minimum Fine $250" sign, the "Van Accessible" sign, and the sign with the specific language stating "Unauthorized vehicles

parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed away at the owner's expense…". Additionally, Defendants need to provide a proper parking space marking with the International Symbol of Accessibility; provide a proper access aisle that is leveled with the parking space it serves; and remove the barrier obstructing the accessible route from the access aisle to the entrance of the Business.

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, *supra*, at *8. Here, the Plaintiff only seeks a total of $3,020.00. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Id.* at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

### 4. Possibility of Dispute

Where there is a properly pled and supported complaint and the defendant has failed to oppose the motion, there is "no factual dispute exists that would preclude the entry of default judgment" and this factors "favors the entry of default judgment . . .." *Id.* at *9.

### 5. Possibility of Excusable Neglect

While there is always a "theoretical possibility" that the defendant might show up claiming excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

### 6.     Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) exists demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F.Supp.2d at 1177 (reasoning that "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Given that Defendants failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

In light of the foregoing, the Court finds that all of the *Eitel* factors weigh in favor of entry of default judgment, and it is appropriate to grant Plaintiff's Motion.

### C.     Plaintiff's Recovery

Plaintiff seeks injunctive relief, attorneys' fees and costs.

### 1.     Injunctive Relief

A court may grant injunctive relief for violations of the Unruh Act under § 52.1(h). To be entitled to injunctive relief under the ADA, 42 U.S.C. § 12188(a)(2), plaintiff must show that defendants have violated the ADAAG. "In the case of violations [of the accessibility provisions] of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." *Id.* "[I]njunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel*, 992 F. Supp. 2d at 1015.

As noted, Plaintiff has stated a claim for disability discrimination under the ADA. Bringing the parking lot into compliance with the ADAAG is readily achievable given that Defendants own and operate the Business and the real property in which the Business is located and therefore has control over and authority to alter the parking lot. Furthermore, the alterations required to bring the parking lot into compliance appear to be limited. Accordingly, it is appropriate to grant injunctive relief compelling Defendants to

remove the unlawful barriers so that the facility is readily accessible to and usable by individuals with disabilities.

### 2. Attorneys' Fees and Costs

The ADA provides that a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs. See 42 U.S.C. § 12205. Plaintiff seeks $3,020.00 in attorneys' fees and costs. (Dkt. #21-2.) As the Ninth Circuit has recently held, it is inappropriate to use the default fee schedule under Local Rule 55 for ADA and Unruh civil rights cases once a plaintiff has requested that the court affix attorney's fees and not adhere to the fee schedule in ADA cases. *See Vogel v. Harbor Plaza Center, LLC,* 893 F.3d 1152 (9th Cir. 2018). Here, Plaintiff does request deviation from the default fee schedule, arguing that it is inappropriate to use the default fee schedule under Local Rule 55 because damages are always zero under the ADA, and using Local Rule 55 would impermissibly create a proportionality rule between low statutory damages and the fee award. *See City of Riverside v. Rivera,* 477 U.S. 561, 580 (1986) (rejecting a proportionality rule between civil rights damages and attorneys' fees awards under 42 U.S.C. § 1988). In light of the foregoing, the Court finds that it is most appropriate to award fees based on the lodestar rather than the Local Rule 55 schedule. The Court finds that $2,350.00 in attorneys' fees in this case is reasonable and appropriate.

As the prevailing party, Plaintiff is also entitled to costs as set forth in 29 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 54-2. The Court accepts the representations made in counsel's declaration and award $670.00 in costs.

//
//
//
//
//
//

**IV.   CONCLUSION**

For the reasons discussed above, the Court GRANTS Plaintiff's Motion.


**IT IS SO ORDERED.**


Dated: _____          By:   _____

_____,
United States District Judge